UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Atticus McNeill Barber, | C/A No. 5:17-cv-02482-TMC-KDW |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Mr. Phillips Webster;<br>Mr. P. Dowling;<br>Editor in Chief, and<br>Reporting News Anchor, | |
| Defendant. | |

This is a civil action filed pro se by a local detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.  Factual Background

Atticus McNeill Barber ("Plaintiff") is a pretrial detainee housed at the J. Reuben Long Detention Center. In the Complaint under review, Plaintiff alleges that the North Myrtle Beach police chief, a police press official, a newspaper editor, and a television anchor person violated his First Amendment rights when he was the subject of July 7, 2016 news reports falsely indicating that he was a heroin addict. Compl. 7, ECF No. 1. According to Plaintiff, the news reports were based on a press release issued by Defendant Dowling, a "press release official or officer." *Id*. at 2, 7. Plaintiff alleges that his reputation and livelihood were damaged by the news reports; he seeks $900,000.00 in compensatory damages and $1.5 million in punitive damages. *Id*. at 10.

II.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Any plausible claim for a First Amendment violation requires that the defendant qualify as a state actor. *Kidwell v. Transp. Commc'ns Int'l Union*, 946 F.2d 283, 297 (4th Cir. 1991) ("to raise the First Amendment argument, the [defendant's] actions must constitute state action"); *St.*

*Ledger v. Area Co-op. Educ. Servs.*, 228 F. Supp. 2d 66, 70 (D. Conn. 2002) ("First Amendment applies only to individuals or entities engaged in 'state action'"). However, the First Amendment does not provide a private cause of action for defamation. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); *Sonnier v. Roman Catholic Diocese of Lafayette*, No. 6:16-CV-1229, 2017 WL 778153, at *3 (Jan. 18, 2017) ("there is nothing in the First Amendment to create a private cause of action for either defamation or invasion of privacy"), *report and recommendation adopted*, 2017 WL 778003 (W.D. La. Feb. 24, 2017); *Davis v. City of Aransas Pass*, No. 2:13-CV-363, 2014 WL 2112701, at *1 (S.D. Tex. May 20, 2014) ("there is no federal constitutional right to be free from defamation or slander"). It is well settled that 42 U.S.C. § 1983, the federal statute under which damage claims for constitutional violations may be raised, may not be used to assert defamation claims. *See Paul v. Davis*, 424 U.S. 693, 711-12 (1976) (interest in reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protection under § 1983); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (same); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990) (same); *see also Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 277 (5th Cir. 2001) (public humiliation, scorn, and ridicule from being criminally investigated does not state plausible constitutional-violation claim).

In this case, there is no indication that Defendants Editor in Chief and Reporting News Anchor are state actors. Thus, no plausible constitutional-violation claim is stated against them. Moreover, even though Defendants Webster and Dowling do qualify as state actors, Plaintiff has not stated a plausible federal claim against either of them because Plaintiff has not shown that Webster's or Dowling's actions violated his constitutional rights. The First Amendment does not protect a private citizen from defamation. Defamation is a state-law based claim that may be

considered by this court under its diversity jurisdiction when both Plaintiff and all Defendants are South Carolina residents. Here, however, there is no basis for diversity jurisdiction shown on the face of the Complaint under review. *See, e.g., Newman-Greene, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (complete diversity required); *C.L. Ritter Lumber Co. v. Consolidation Coal Co.*, 283 F. 3d 226, 229 (4th Cir. 2002) (same); *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (same). While a defamation claim may also be considered under this court's supplemental jurisdiction in the appropriate case, where, as here there is no plausible federal-question claim, there is no basis for the exercise of supplemental jurisdiction. *See* 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

IV. Recommendation

Accordingly, because the deficiencies in the Complaint cannot be cured by amendment, it is recommended that the district court dismiss this action *with prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

October 4, 2017  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**